**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TEKLE SEARE (A No. 212-320-485),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06365-JLT-EGC

ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; GRANTING THE MOTION TO DISMISS; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Docs. 1, 9)

Tekle Seare is a federal immigration detainee proceeding pro se with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 7.) In the interest of justice and to promote judicial efficiency, the undersigned withdraws that reference, and for the reasons set forth below, **DENIES** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native of Ethiopia and a citizen of Eritrea. (Doc. 9-2 at 1.) On around September 15, 2010, Petitioner was lawfully admitted into the United States as a refugee. (*Id.*) On September 16, 2013, Petitioner adjusted to a lawful permanent resident. (*Id.*) Years later, on February 25, 2022, and November 18, 2022, Petitioner was convicted of indecent exposure and criminal trespass. (Doc. 9-3 at 2, 6, 8, 11.) In January 2026, Petitioner was arrested by Immigration Customs and Enforcement. (*See* Doc. 1 at 2; Doc. 9-2 at 1.) At that time, the

Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under 8 U.S.C. § 1227(a)(2)(A)(ii) which states: "Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefore and regardless of whether the convictions were in a single trial, is deportable." (*See* Doc. 9-2 at 1, 4.) Around the time of his arrest, ICE prepared a form to get more information regarding Petitioner's travel documents to Eritrea. (*See* Doc. 9-4 at 6.) Petitioner was subsequently transferred to the Golden State Annex Detention Facility in McFarland, California, where he remains. (Doc. 1 at 2; Doc. 11.)

On March 31, 2026, an Immigration Judge found that Petitioner had waived his application for adjustment of status and cancellation of removal and ordered him removed to Eritrea. (Doc. 9-1 at 1–2.) Petitioner reserved the right to an appeal, which was due no later than May 1, 2026. (*Id*. at 2.) According to Respondents, Petitioner never filed an appeal. (*See* Doc. 9 at 1.) A routine review of EOIR's website confirms that no appeal was received for this case. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited September 25, 2026). Thus, Petitioner's order of removal became final on May 2, 2026. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

On May 4, 2026, DHS issued a warrant of removal/ deportation informing Petitioner that he was subject to removal from the United States. (Doc. 9-4 at 13.) On May 18, 2026, DHS submitted a formal request to obtain a travel document to Eritrea for Petitioner. (*See id*. at 1–6.) On August 10, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights had been violated.[1] (*See* Doc. 1 at 13–14.) On August 31, 2026, Respondents filed a motion to dismiss, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2), which is presumptively reasonable for a period of six

---

[1] The Court declines to address Petitioner's claims regarding third country removal and revocation of release under 8 C.F.R. §§ 241.4 and 241.13. (*See* Doc. 1 at 8–12, 14–18.) There is no indication in the record that Petitioner was ever released on an Order of Supervision *after* being order removed, and Respondents are not attempting to remove the Petitioner to a third country. (*See* Doc. 9; Doc. 9-4 at 1–6.)

months. (Doc. 9 at 1–2.) Petitioner did not file an opposition to the motion to dismiss.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner was ordered removed on March 31, 2026, and did not file an appeal by May 1, 2026. (Doc. 9 at 1; Doc. 9-1 at 1–2.) Thus, Petitioner's order of removal is administratively final. *See* 8 C.F.R. § 1241.1; 8 U.S.C. § 1231(a)(1)(B)(i). Petitioner is now subject to mandatory detention under 8 U.S.C. § 1231(a)(2). That statute reads: "*During the removal period*, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2) (emphasis added). The relevant statutory framework allows for mandatory detention without bond for a period of 90 days while the Attorney General attempts to remove the noncitizen. 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the '*removal period*').") (emphasis added).

The Supreme Court has held, that under this statutory framework, the government may detain a removable noncitizen beyond the 90-day statutory removal period, but only for so long as "*reasonably necessary* to secure the alien's removal." *Zadvydas v. Davis*, 533 U.S. 678, 682. The Court explained that the statute contains an implicit reasonable time limitation, which is presumptively six months, after which the noncitizen bears the burden of proving that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 682, 701. Because it has not been more than six months since Petitioner's order of removal became final on May 2, 2026, (Doc. 9-1 at 1–2), any such claim under *Zadvydas* is premature.

(Doc. 1 at 13–14.) Thus, the Court finds that Petitioner is subject to mandatory detention during a presumptively reasonable six-month removal period.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
2. Respondents motion to dismiss (Doc. 9) is **GRANTED**.
3. The Court's order prohibiting Petitioner's transfer our of this District and preventing Petitioner's removal from the United States (Doc. 7) is **WITHDRAWN**.
4. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this order.
5. The Clerk of Court is directed to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated: _September 27, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE